### Charles J. Hahn, Appellee, v. Pauline Schnell, Appellant.

#### (Not to be reported in full.)

Appeal from the Circuit Court of Clinton county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed July 28, 1914.

### Statement of the Case.

Action by Charles J. Hahn against Pauline Schnell and Carlyle Schnell in trespass. The declaration charged the defendants with turning on the dwelling house of plaintiff and into the open doors and windows thereof large streams of water with great force and violence thereby injuring the plaintiff, disturbing his peace of mind and damaging his property. There was a plea of not guilty and a verdict in favor of plaintiff for nine hundred dollars followed by a judgment for a like amount. To reverse the judgment, Pauline Schnell alone appeals.

The facts show that Pauline Schnell owned the house in which the plaintiff was living as a tenant at Carlyle, Illinois; that there had been some difficulty over the rent and that she and her son, Carlyle Schnell, resided in Missouri. The son and the mother returned to Carlyle and the son had a conversation with one Shade and one Thalls about a little job he wanted done. They went into a saloon and after taking several drinks Shade and Thalls agreed to "take the chance," and on the night in question secured a hose from the city hose house and attached it to a city hydrant near where plaintiff resided and the three men directed the hose towards the windows causing a dirty stream of water to be thrown into the house.

Appellant claims that the proofs failed to show she was in any way connected with the offense complained

of; that there was error in plaintiff's third instruction and in the courts ruling on certain evidence.

The third instruction complained of is as follows:

"The court further instructs that if you believe from a preponderance of the evidence in this case that David Shade and Thomas Thalls wilfully and maliciously entered the premises occupied by the plaintiff in the nighttime, and turned a stream of water from a hose, connected with the city hydrant, upon the dwelling house occupied by the plaintiff and through the open window of said house upon the person of the plaintiff, as charged in the declaration, and if you further believe, from the evidence, that said David Shade and Thomas Thalls were procured or employed to do said unlawful act by the defendant Carlyle Schnell, and that he stood by and aided and abetted them in the perpetration of the same, and if you further believe from the evidence that the defendant, Pauline Schnell, was the owner of the dwelling house in question, and that with a view of procuring possession of the same or forcing the plaintiff and his family to vacate the dwelling house, she was present or stood by and aided, abetted or encouraged the said Carlyle Schnell in the commission of said unlawful acts, or if you believe from the evidence that the said Pauline Schnell not being present had knowledge of what was about to be done, and had advised, encouraged, aided or abetted the said Carlyle Schnell to attempt to dispossess the plaintiff and secure possession of said dwelling house by the commission of the act done, then both the defendants, Carlyle Schnell and Pauline Schnell, are liable for the unlawful acts of the said David Shade and Thomas Thalls."

Ford & Jones and William Johnston, for appellant.

Noleman & Smith and H. G. Weber, for appellees.

Mr. Presiding Justice Higbee delivered the opinion of the court.

## Abstract of the Decision.

1. TRESPASS, § 49*—*when' finding of guilty against joint defendant sustained by the evidence.* In trespass against two defendants charging them with turning large streams of water with force and violence through the open doors and windows of plaintiff's dwelling house, where it was not disputed that one of the defendants and two other persons committed the act charged, but the other defendant, who was the mother of the codefendant, denied having aided or abetted in the commission of the act charged, *held* that a verdict finding both defendants guilty was sustained by the evidence.

2. TRESPASS, § 55*—*when giving of argumentative instruction not reversible error.* In an action of trespass charging a son and mother with turning a large stream of water upon and into plaintiff's dwelling house, an instruction given for plaintiff which in part stated that if the mother "was the owner of the dwelling house in question, and with a view of procuring possession of the same or forcing the plaintiff and his family to vacate the dwelling house, she was present or stood by and aided, abetted, etc.," then she was liable with the other defendant, *held* objectionable as argumentative in setting forth a reason why the mother might have desired or been led to assist her son in his unlawful assault, but *held* that regardless of any reason which may or may not have actuated her to have assisted said offense, the instruction set forth the law applicable to the case and that the argumentative portion would not warrant a reversal.

3. TRESPASS, § 48*—*admissibility of evidence.* In trespass against two defendants for turning water upon and into plaintiff's dwelling house, exclusion of evidence offered to show that one of the defendants had paid out large sums for fines and costs for the same act and that the wife of the plaintiff had previously recovered a judgment against him, *held* proper.

4. APPEAL AND ERROR, § 1213*—*when errors not affecting appellant cannot be complained of.* In trespass against two defendants for turning water upon plaintiff's dwelling house, exclusion of evidence offered to show that one of the defendants had paid out large sums for fines and costs for the same act and that the wife of the plaintiff had previously recovered a judgment against him cannot be complained of by the other defendant on appeal by her alone, as such action of the court did not in any manner concern plaintiff's right of action against her.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.